FILED
CLERK

3:25 pm, Mar 30, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PERTRICEE HOLLINGTON,

                        Plaintiff,

     -against-

CDM FEDERAL PROGRAMS CORPORATION,

                        Defendant.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
20-CV-6151 (JMA) (ST)

**AZRACK, United States District Judge:**

       On December 18, 2020, the plaintiff, Pertricee Hollington, ("Plaintiff") commenced this action against his former employer, CDM Federal Programs Corporation, ("Defendant") seeking relief for unlawful retaliation under the New York State Human Rights Law, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act, and unlawful discrimination under § 1981 and Title VII of the Civil Rights Act. (ECF No. 1.) Plaintiff has filed two amended complaints. (ECF Nos. 11, 18.) On July 19, 2021, Defendant filed the present partial motion to dismiss the second amended complaint ("Complaint") and motion to transfer venue. (ECF No. 19.) On October 22, 2021, the Court referred the motion to Magistrate Judge Steven Tiscione for a Report and Recommendation ("R&R"). (Electronic Order, 10/22/2021.) Judge Tiscione issued an R&R dated March 6, 2022, which recommends that the Court: grant Defendant's motion to dismiss for lack of venue as to Plaintiff's entire complaint without prejudice; grant Plaintiff leave to amend his complaint; and deny Defendant's motion to transfer venue. (ECF No. 22.)

       Defendant filed timely objections to the R&R. (ECF No. 23.) After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Tiscione's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> <u>Brown v. Ebert</u>, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. <u>See</u> <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Tiscione's R&R to which there are no specific objections. In particular, Judge Tiscione recommended dismissing the entire complaint for lack of venue. Applying clear error review, the Court adopts Judge Tiscione's recommendation to dismiss the complaint for lack of venue.

I next address the portions of the R&R to which the parties have objected. For the objections, I have undertaken a <u>de novo</u> review of the record, the R&R, and the objections. For the reasons stated below, the Court denies those objections and adopts the R&R.

Defendant objects to the R&R's recommendations to: (1) dismiss Plaintiff's failure to transfer/hire claims without prejudice, and grant Plaintiff to leave to file an amended complaint; and (2) deny Defendant's motion to transfer venue to Texas. The Court denies those objections for the reasons articulated in Judge Tiscione's R&R.

Defendant also objects to what it characterizes as "factual inaccuracies" in the R&R. Specifically, Defendant objects to the R&R's finding that "[t]he fact that Plaintiff's employment in New York was also allegedly affected by the retaliation and discrimination he suffered in Texas and Missouri brings those facts into the ambit of the NYSHRL as well"; Defendant argues that

Plaintiff was never employed in New York.  (Objections at 3; R&R at 8.)   However, Judge Tiscione explains in the R&R that Plaintiff also pled retaliation regarding jobs in the corporation's New York offices.  (R&R at 8.)   Defendant also objects to the R&R's finding that Defendant failed to identify sufficient witnesses located in Texas to support motion to transfer venue.  (Objections at 3.)  However, Judge Tiscione explained that Defendant's argument that certain unnamed witnesses and one named witness (the head of the FEMA division in Houston) are located in Texas was insufficient to show that transfer was appropriate.  (R&R at 13-14)   Judge Tisicone noted that Defendant did not give any names of specific witnesses located in Texas who would be inconvenienced by a New York action.  (R&R at 14.)  Defendant argues that it did identify one witness in Texas—the head of the FEMA division in Houston—and that the burden is on Plaintiff not Defendant.  (Objections at 3.)  However, the movant has the burden of establishing by clear and convincing evidence that transfer is warranted.  New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010).  The Court agrees with Judge Tiscione that Defendant has not met its burden.  Accordingly, the Court denies these objections.

Based on the foregoing, the Court adopts Judge Tiscione's R&R in its entirety as the opinion of this Court.  Accordingly, the Court:   **GRANTS** Defendant's motion to dismiss Plaintiff's entire complaint for lack of venue without prejudice; **GRANTS** Plaintiff leave to amend his complaint; and **DENIES** Defendant's motion to transfer venue.

**SO ORDERED.**

Dated: March 30, 2022
      Central Islip, New York

                                             /s/  (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE