UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
PERTRICEE HOLLINGTON,  :
                  Plaintiff,  :  Case No.: 1:22-cv-04940-ER-BCM
                  v.  :
CDM FEDERAL PROGRAMS  :
CORPORATION,  :
                  Defendant.  :
------------------------------------------------------- X

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

AND NOW, this 15 day of February 2023, for purposes of this litigation, and pursuant to Fed. R. Civ. P. 26(c)(1)(G), it is hereby STIPULATED between the parties and ORDERED by the Court as follows:

The Parties anticipate producing certain confidential documents or information in connection with discovery in this matter. The Parties have discussed and agreed to the following terms and conditions and the Court issues this Confidentiality Agreement as a Stipulated Protective Order in order to provide for the production of documents and information which contain Confidential Information and to provide for the use of such Confidential Information solely in conjunction with Plaintiff's lawsuit:

    1. "Confidential Information" shall mean documents and information which have any of the following characteristics: (1) non-public material which derives independent economic value from generally not being known to others; (2) other persons can obtain independent economic value from use of the non-public material; (3) non-public documents which concern Defendant's business operations, internal procedures, and personnel decisions; (4) non-public financial and commercial information; or (5) other non-public information that is

confidential or proprietary to either Defendant or to Plaintiff, or that contains the private information of Plaintiff, a non-party employee of Defendant, or another individual.

2.  Documents must be specifically designated as "Confidential Information" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information."  In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential" or be designated as "Confidential" in a writing sent within ten (10) days of production in order to be protected under the terms of this Order.  Documents may be designated as Confidential more than ten (10) days after production if the producing Party can demonstrate that the document was produced inadvertently without a timely confidentiality designation.

3.  Non-parties who produce documents or information in this litigation may designate information that they produce as Confidential Information at the time of production, or within ten (10) days thereafter.  Within ten (10) days after a non-party's production, Plaintiff and Defendants may also designate documents or information that the non-party produced as Confidential Information, irrespective of whether the non-party has made such a designation.  If a party challenges the designation of information produced by a non-party as Confidential Information, then any party or non-party that designated the information as Confidential Information may defend the designation.

4.  Deposition testimony shall remain Confidential until thirty days after delivery of the transcript by the court reporter. Within thirty days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential. Thereafter, those portions so designated shall be protected as Confidential Information pending objection under the terms of this Order.

5. Confidential Information shall be used solely in connection with the claims and defenses in the captioned litigation (including any appeals) and shall not be used or disclosed for any other purpose unless authorized by the Party who produced the information (or who designated the information as Confidential Information) or by order of the Court. Confidential Information shall be treated as confidential by the receiving Party, and her/its attorneys and other representatives, and will not be disclosed to anyone except as provided herein. Confidential Information produced may be disclosed only to the Court and court personnel, stenographers, the receiving Party, the Party's attorneys, supporting personnel employed by such attorneys, individuals disclosed as fact witnesses, and retained consulting or testifying expert witnesses. Fact witnesses and expert witnesses, prior to receipt of the information, must sign a Certification in the form annexed hereto as Exhibit A, acknowledging that he or she will abide by the provisions of this Order. Notwithstanding the foregoing, if a deposition witness declines to agree to abide by the provisions of this Order, then the parties shall meet-and-confer regarding whether the witness can still be shown Confidential Information; if the parties fail to agree, then such witness may have Confidential Information disclosed to him or her, but (a) must be informed that the information is strictly confidential and its disclosure may have significant adverse legal consequences, and (b), will not be permitted to keep a copy of Confidential Information.

6. In connection with dispositive motions, in advance of any filing with the Court of a document containing Confidential Information, the parties (and, if applicable, non-parties) shall meet-and-confer in an effort to narrow any disputes about which documents the parties should seek to file under seal and/or maintain under seal. The parties acknowledge that the standard for filing documents under seal is higher than the standard for designating a document as Confidential.

7. If, after the meet-and-confer process identified in Paragraph 6 above, a document containing Confidential Information is filed with the Court in the captioned litigation, the Party filing the document shall request the Court's permission to file the document under seal. As part of this request, the Party seeking to file the document will represent its willingness to publicly file a redacted version of the document which redacts the Confidential Information.

8. All copies of Confidential Information authorized to be reproduced under this Order will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

9. At any time during this litigation, a Party may contest the designation of any specific document as Confidential. Such challenges must be made in writing to opposing counsel. The parties must then meet-and-confer regarding any disputes over confidentiality. If the meet-and-confer effort is unsuccessful, then the party seeking confidentiality shall seek relief from the Court within 14 days to resolve the dispute in order to maintain confidential status. The documents designated as Confidential may not be publicly filed as part of a motion challenging their Confidential status.

10. Material designated as Confidential Information remains Confidential Information until a contrary determination is made by either the Court or the parties' written agreement. The burden shall then be on the designating Party to establish that the document(s) are entitled to protection under the appropriate legal standard.

11. Within thirty (30) days of the termination of this litigation (including the exhaustion of any and all appeals), including any appeals, all originals and reproductions of any

documents designated as Confidential Information under the Agreement, as well as any materials prepared for litigation that contain Confidential Information, shall be returned to the producing Party or destroyed in a manner designed to preserve confidentiality, except that counsel for the Party may keep copies of the Confidential Information in its case files to the extent required by applicable rules of professional conduct, but in any event for a minimum of six years.  If a Party elects to destroy any such document(s) or material that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

12. The provisions of Federal Rule of Civil Procedure govern 26(b)(5)(B) govern the inadvertent production of privileged or trial preparation material.  In addition, if any receiving Party believes, in good faith, that a producing Party may have inadvertently produced privileged or trial preparation material, the receiving party must promptly inform the producing Party of the potential inadvertent production.  The producing Party then has fourteen days to assert any claims of privilege or trial preparation protection over the material.  Until the expiration of that fourteen-day window (or until the producing Party provides written confirmation that it will not assert claims of privilege or trial preparation material), the receiving Party must not use or disclose the information.  If the producing Party asserts privilege or trial preparation claims, then the material will be treated as such according to the terms set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

13. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

14. Good cause exists for this Order.  Public disclosure of Confidential Information risks violating the business interests of Defendant, the privacy interests of Plaintiff, and the

privacy interests of non-parties (such as Defendant's employees).  Although the exchange of Confidential Information in discovery is proper, public disclosure of Confidential Information would serve no proper purpose.  Disclosure of at least some forms of Confidential Information (such as Plaintiff's private medical information) could cause embarrassment.  None of the Confidential Information sought is important to public interests (such as public health), and thus no public interests would be served by permitting public disclosure of this information.  Although sharing Confidential Information among litigants will promote fairness and efficiency, public disclosure of confidential information will not do so.  None of the parties are public entities or officials (although Defendant does perform services for the Federal Emergency Management Agency).  And, while this is primarily a private dispute, there is a public interest in ensuring that businesses not face unnecessary collateral consequences from litigation (such as the disclosure of confidential or proprietary information), and in preventing embarrassment and other harm to litigants, which is aided by protecting Confidential Information.

15. This Stipulated Confidentiality Agreement and Protective Order shall bind the Parties. It shall be effective immediately as a stipulation and agreement between the parties, even prior to its issuance as a Protective Order of the Court.

By: */s/ Blaine Howell Bortnick*
Blaine Howell Bortnick
James William Halter
Rasco Klock Perez & Nieto, LLC
260 Madison Avenue, 16th Floor
New York, NY 10016

*Attorneys for Plaintiff*

Dated: February 15, 2023

Dated: February 15, 2023
New York, New York

By: */s/ Alnisa Bell*
Alnisa Bell
Jacob Oslick
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018

*Attorneys for Defendant*

Dated: February 15, 2023

SO ORDERED

_____
Edgardo Ramos, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
PERTRICEE HOLLINGTON, :
: Case No.: 1:22-cv-04940-ER-BCM
Plaintiff, :
:
v. :
:
CDM FEDERAL PROGRAMS :
CORPORATION, :
:
Defendant. :
: 
------------------------------------------------------- X

**<u>CERTIFICATION</u>**

The undersigned hereby acknowledges that, having read the Stipulated Confidentiality Agreement and Protective Order issued by the Court in the above-captioned action on _____, 202_, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any dispute arising out of or related to the Stipulated Confidentiality Agreement and Protective Order, and understands that the Court may impose sanctions for any violation of the Stipulated Confidentiality Agreement and Protective Order.

_____
Date

                              _____
                                    Name (typed or printed)


                              _____
                                         Signature